IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2007

## STATE OF TENNESSEE v. TOMMY RAY KITTS

**Direct Appeal from the Criminal Court for Knox County**
**No. 83597    Richard R. Baumgartner, Judge**

---

**No. E2006-01964-CCA-R3-CD - Filed July 12, 2007**

---

Defendant, Tommy Ray Kitts, was convicted of two counts of theft of property between $1,000 and $10,000, a Class D felony. The trial court merged count two into count one and sentenced Defendant as a Range III, career offender, to twelve years. In his appeal, Defendant challenges the sufficiency of the convicting evidence. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee; and Mitchell T. Harper, Knoxville, Tennessee, for the appellant, Tommy Ray Kitts.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

Kimberly Kitts, Defendant's ex-wife, testified that she and Defendant remained on friendly terms after their divorce in approximately 2000. Ms. Kitts said that she got a telephone call from Defendant on the evening of August 17, 2005, asking Ms. Kitts to pick him up because he had nowhere to stay. Ms. Kitts said that she could not leave her children home alone at night and did not pick up Defendant. Ms. Kitts said that Defendant called her again early on the morning of August 18, 2005, and repeated his request. Ms. Kitts and her friend, Chris Spriggs, picked Defendant up in front of his grandmother's house in Ms. Kitts' van. Ms. Kitts ran errands before returning home. Mr. Spriggs left, and Defendant stayed at Ms. Kitts' house that night. Defendant slept most of the following day until Mr. Spriggs picked him up around 3:00 p.m.

When Defendant did not return that night, Ms. Kitts went to bed. She was awakened around 3:00 a.m. by the sound of a car. Defendant got out of a car which Ms. Kitts assumed belonged to Mr. Spriggs. Defendant came to the door and asked to use the telephone. Ms. Kitts left him alone in the living room while she went to the bathroom. Ms. Kitts said her purse was on the living room couch with her cell phone either inside the purse or lying next to it. Ms. Kitts said that her car keys were in her purse.

Ms. Kitts heard a car while she was in the bathroom. She came out and looked out the hallway window. Ms. Kitts said that she saw Defendant driving her 1994 Dodge Caravan away from the trailer. Ms. Kitts said she was shocked and upset because she did not think Defendant would do that type of thing. Ms. Kitts went outside to verify that the van was gone. She noticed that her purse and cell phone were missing when she went back inside her trailer. Ms. Kitts attempted several times to reach Defendant by calling her cell phone number, but she did not get any response from Defendant. Ms. Kitts called 911 and reported the incident. Ms. Kitts signed a warrant for Defendant's arrest the following day.

Ms. Kitts testified that the value of her van was approximately $3,500. Ms. Kitts said she kept numerous items in her purse including jewelry, which she valued at $3,000. In addition, she also kept her medication and her children's school, medical and birth records in the purse. Ms. Kitts said that she never recovered either her vehicle or her other personal property.

## II. Sufficiency of the Evidence

In reviewing Defendant's challenge to the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.2d 560, 573 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T. C. A. § 39-14-103. "'Effective consent' means assent in fact, whether express or apparent, including assent by one legally authorized to act for another." *Id*. § 39-11-106. Theft of

property is a Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000). *Id*. § 39-14-105(3).

Defendant argues that the evidence was insufficient to support a finding that he intended to deprive Ms. Kitts of her property that night. Defendant points to the fact that Ms. Kitts invited him into her home that morning and gave him permission to use her cell phone. Defendant essentially challenges the jury's assessment of the credibility of Ms. Kitts' testimony. Ms. Kitts testified that she allowed Defendant to come into her home for the purpose of using her cell phone. Ms. Kitts stated that she did not give Defendant consent to take her van, her purse, and her cell phone. Although no property was subsequently recovered, Ms. Kitts testified that she looked out her window and saw Defendant drive away in her vehicle, and she discovered immediately after Defendant's departure that her purse was missing from the couch. The jury heard Ms. Kitts' testimony and found it credible, a finding which we will not disturb on appeal.

Based on our review of the record, we conclude that a rational trier of fact could find beyond a reasonable doubt that Defendant intended to deprive Ms. Kitts of her property without her consent. Defendant is not entitled to relief on this issue.

## CONCLUSION

After review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE